**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

METRO CARDIOVASCULAR CONSULTANTS, LTD., individually, and on behalf of all others similarly situated,

Plaintiff,

v.

ALL MAGAZINES SUBSCRIPTION AGENCY, INC.,

Defendant.

Case No. 1:20-cv-03123

**CLASS ACTION COMPLAINT**

**NOW COMES** the Plaintiff, METRO CARDIOVASCULAR CONSULTANTS, LTD. ("Plaintiff"), by and through its undersigned counsel, complaining of Defendant ALL MAGAZINES SUBSCRIPTION AGENCY, INC., as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking damages as well as injunctive relief for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

2. In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "unrestricted telemarketing . . . can be an intrusive invasion of privacy." *See* 47 U.S.C. § 227, Congressional Statement of Findings No. 5.

3. In enacting the TCPA, Congress outlawed telemarketing via unsolicited facsimile advertisements ("junk faxes"). 47 U.S.C. §227(b)(1)(C)

4. Specifically, the TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. §227(b)(1)(C)

## PARTIES

5. Plaintiff is a private medical practice located in Oak Lawn, Illinois.

6. Plaintiff maintains the facsimile telephone number (708) 229-0303 ("Plaintiff's fax number").

7. Plaintiff's fax number is connected to a device that utilizes hardware and software to allow the device to receive, store, and print facsimiles ("Plaintiff's fax machine").

8. Plaintiff's fax machine is located within this District.

9. ALL MAGAZINES SUBSCRIPTION AGENCY, INC. ("Defendant") is a corporation incorporated and formed under the laws of the State of Georgia.

10. Defendant maintains its principal place of business at 177 S. Spring Rd., Eatonton, Georgia.

11. Defendant engages in the business of offering magazine subscriptions to all types of businesses.

## JURISDICTION AND VENUE

12. This Court has personal jurisdiction over Defendant because it committed tortious acts within this judicial district through the transmission of unsolicited facsimile advertisements to Plaintiff and the putative class members as defined below.

13. Defendant transacted business within this judicial district through its action of sending an unsolicited advertisement to Plaintiff.

14. Venue is proper because the unsolicited advertisement sent to Plaintiff was sent

to and received within this judicial district.

**FACUTAL ALLEGATIONS**

15. On April 30, 2019, Defendant transmitted (or caused to be transmitted) a unsolicited facsimile advertisement to Plaintiff's fax number ("fax advertisement") using a telephone facsimile machine.

16. The fax advertisement promoted Defendant's magazine subscription offers to Plaintiff.

17. Specifically, the fax advertisement depicted as follows:



To: Page 1 of 2 2019-04-30 18:01:59 (GMT) 16782799921 From: Julie Goga

AMSA
all magazines subscription agency, inc.

Subscribe Now!

To: Metro Cardiovascular Co
From: Julie Goga
Re: Reception Area Magazine Price List
Pages: 2

Subscribe Now!

*Reception Area Magazine Service*

Enjoy Low Prices,
Great Service,
Fantastic Selection!

**Best Value Titles Take an Additional 35% off Reception Room Rates!**
(**excluded)

Examples:
Good Housekeeping $12.00 Your Price $7.80
ESPN $26.00 Your Price $16.90

*For more information or to order:*

*Julie Goga*
*AMSA Marketing*
*julie@allmags.com*
*Phone 1.800.852.9264*
*Fax 1.678.317.0585*
*www.allmags.com*

*You may request that we not send you future fax advertisements by calling 800-852-9264 or faxing 678-317-0585. Include in your request the fax number(s) you wish to be removed. It would be unlawful for us not to comply with a proper opt-out request within 30 days. We will refrain from sending future fax advertisements without your express invitation or permission*

INTENTIONALLY LEFT BLANK

To: Page 2 of 2 2019-04-30 18:01:59 (GMT) 16782799921 From: Julie Goga

AMSA
all magazines subscription agency, inc.

2019
Reception Room Price

| MAGAZINE TITLE | REG RATE | ISS YR | RECEPTION ROOM 1 YR RATE | RECEPTION ROOM 2 YR RATE | MAGAZINE TITLE | REG RATE | ISS YR | RECEPTION ROOM 1 YR RATE | RECEPTION ROOM 2 YR RATE |
|---|---|---|---|---|---|---|---|---|---|
| **Best Value Titles** | | | | | | | | | |
| ALLRECIPES | 18.00 | 6 | 18.00 | 36.00 | JACK & JILL (AGES 7-12) | 29.94 | 6 | 22.00 | 47.88 |
| ARCHITECTURAL DIGEST | 39.95 | 11 | 15.00 | 30.00 | MENS HEALTH | 24.94 | 12 | 20.00 | 40.00 |
| AUTOMOBILE | 38.99 | 12 | 10.00 | 18.00 | MENS JOURNAL | 19.95 | 12 | 14.95 | 29.90 |
| BETTER HOMES AND GARDENS | 22.00 | 12 | 22.00 | 44.00 | MIDWEST LIVING | 25.00 | 6 | 11.97 | 23.94 |
| BICYCLING | 20.00 | 6 | 18.00 | 29.96 | MOTOR TREND | 18.00 | 12 | 10.00 | 18.00 |
| BON APPETIT | 24.00 | 10 | 10.00 | 20.00 | O THE OPRAH MAGAZINE | 18.00 | 12 | 15.00 | 30.00 |
| CAR & DRIVER | 22.00 | 12 | 11.00 | 21.94 | OUTDOOR LIFE | 14.97 | 4 | 10.00 | 24.00 |
| CONDE NAST TRAVELER | 19.97 | 8 | 19.97 | 39.94 | PARENTS | 15.98 | 12 | 12.95 | 31.96 |
| COSMOPOLITAN | 30.00 | 12 | 15.00 | 28.00 | POPULAR MECHANICS | 24.00 | 9 | 12.00 | 24.00 |
| COUNTRY LIVING | 24.00 | 10 | 15.00 | 30.00 | POPULAR SCIENCE | 19.95 | 4 | 16.00 | 39.90 |
| EATING WELL | 19.97 | 10 | 19.97 | 39.94 | PREVENTION | 48.00 | 6 | 29.95 | 59.90 |
| ESPN | 29.97 | 12 | 26.00 | 52.00 | RACHAEL RAY EVERY DAY | 24.00 | 10 | 24.00 | 48.00 |
| ESSENCE | 12.00 | 11 | 12.00 | 24.00 | READER'S DIGEST | 24.98 | 10 | 19.98 | 39.96 |
| FAMILY CIRCLE | 19.98 | 12 | 19.98 | 39.96 | READER'S DIGEST-LARGE PRINT | 29.98 | 10 | 19.98 | 39.96 |
| FIELD & STREAM | 14.97 | 6 | 10.00 | 20.00 | REAL SIMPLE | 28.95 | 12 | 23.88 | 0.00 |
| FOOD NETWORK MAGAZINE | 30.00 | 10 | 18.00 | 35.00 | RUNNER'S WORLD | 24.00 | 6 | 18.00 | 36.00 |
| GOLF DIGEST | 27.99 | 11 | 12.00 | 19.97 | SHAPE | 24.00 | 10 | 12.97 | 48.00 |
| GOOD HOUSEKEEPING | 18.00 | 12 | 10.00 | 20.00 | US WEEKLY | 89.95 | 52 | 67.08 | 119.94 |
| HGTV MAGAZINE | 28.00 | 10 | 20.00 | 40.00 | WOMAN'S DAY | 18.00 | 12 | 10.00 | 18.00 |
| HUMPTY DUMPTY (AGES 4-6) | 29.94 | 6 | 29.94 | 59.88 | WOMEN'S HEALTH | 17.00 | 10 | 14.97 | 30.00 |
| INSTYLE | 26.00 | 12 | 19.50 | 0.00 | WORKING MOTHER | 12.97 | 4 | 9.97 | 19.94 |
| **Popular Titles** | | | | | | | | | |
| **AMERICAN JOURNAL OF NURSIN( | 33.90 | 12 | 33.90 | 67.80 | **PEOPLE | 53.46 | 53 | 53.46 | NA |
| **CONSUMER REPORTS W/GUIDE | 25.00 | 13 | 25.00 | NA | **PEOPLE EN ESPANOL | 11.00 | 10 | 11.00 | NA |
| **DISCOVER | 29.95 | 10 | 19.95 | 29.95 | **RANGER RICK | 36.95 | 10 | 24.95 | 59.90 |
| **ENTERTAINMENT WEEKLY | 49.92 | 46 | 24.95 | 87.36 | **SOUTHERN LIVING | 22.00 | 12 | 19.95 | 38.50 |
| **FOOD & WINE | 19.99 | 6 | 19.99 | NA | **SPORTS ILLUSTRATED | 39.00 | 39 | 39.00 | NA |
| **FORTUNE | 25.00 | 14 | 25.00 | NA | **SPORTS ILLUSTRATED FOR KIDS | 19.95 | 12 | 19.95 | NA |
| **GOLF MAGAZINE | 11.95 | 12 | 11.95 | NA | **SUNSET | 13.00 | 12 | 13.00 | NA |
| **HEALTH | 16.50 | 10 | 15.97 | 20.00 | **THE PIONEER WOMAN | 18.00 | 4 | 18.00 | 30.00 |
| **HIGHLIGHTS FOR CHILDREN | 40.00 | 12 | 39.99 | NA | **THIS OLD HOUSE | 21.00 | 10 | 21.00 | 29.00 |
| **MARTHA STEWART LIVING | 25.00 | 12 | 20.00 | 48.00 | **TIME | 29.95 | 56 | 29.95 | NA |
| **MONEY | 14.95 | 12 | 14.95 | NA | **TRAVEL & LEISURE | 19.99 | 12 | 19.99 | NA |
| **NATIONAL GEOGRAPHIC | 39.00 | 12 | 39.00 | NA | TRAVEL 50 & BEYOND | 15.80 | 5 | 14.00 | 24.00 |
| **NATIONAL GEOGRAPHIC FOR KID | 24.00 | 10 | 24.00 | NA | **WALL STREET JOURNAL | 493.40 | 312 | 493.40 | NA |
| **NATIONAL GEOGRAPHIC TRAVEL | 24.95 | 6 | 17.95 | NA | | | | | |

**Thousands of titles available. Please call or email Julie for pricing on titles not listed.**
**julie@allmags.com (800) 852-9264.**

**Please allow the publishers up to 12 weeks to begin receiving new subscriptions.**
**All pricing is confidential between AMSA and customer.**

"Reg. Rate" = Regular Subscription rate charged by publishers.
"Iss Yr" = Number of Issues mailed per year by the publisher.
"Reception Room 1 Yr Rate, 2 Yr Rate" = Rates available to you for your reception area through AMSA.
** Rates cannot be discounted to match publisher's specials.

TERMS NET 30 DAYS UNLESS OTHERWISE SPECIFIED.

All titles on this list must be mailed to a business address and we must provide some publishers with a business card or letterhead with the send-to address printed on it.

We accept MasterCard and Visa credit cards. Please provide name as it appears on credit card, credit card account number, and expiration date.

**ALL MAGAZINES SUBSCRIPTION AGENCY, INC.**
**177 S SPRING RD.**
**EATONTON, GA 31024-8176**
**PHONE (706)-485-0075 - (800) 367-4344 - FAX (800) 440-1881**
**E-mail: mags@allmags.com**
**Visit us online at www.allmags.com**

Last Updated 04/25/2019

18. The fax advertisement was sent by Defendant's employee Julie Goga ("Ms. Goga").

19. Upon information and belief, Ms. Goga runs Defendant's sales and marketing campaigns.

20. The fax advertisement encouraged Plaintiff to contact Ms. Goga for "more information or to order" a subscription from Defendant.

21. Defendant knew of and authorized the transmission of the fax advertisement.

22. The fax advertisement is an "unsolicited advertisement" as defined by 47 U.S.C. §227(a)(5) because it advertised and promoted the commercial availability of property, goods and/or services.

23. Plaintiff has never subscribed to Defendant's magazines or otherwise ever had any

form of business relationship with Defendant.

24. At no point in time did Plaintiff consent to receive the fax advertisement from Defendant.

25. At no point in time did Plaintiff solicit the fax advertisement from Defendant.

26. By sending junk faxes to Plaintiff and the putative class members, Defendant damaged Plaintiff and the putative class members as the junk faxes jammed up their facsimile lines from other legitimate business communications resulting in the temporary loss of use of the facsimile lines.

27. Moreover, by sending the junk faxes, Defendant caused Plaintiff and the putative class members to incur costs in the form of the consumption of paper and toner.

28. The transmission of the junk faxes invaded the privacy rights of Plaintiff and the putative class members as it infringed on their right to not be disturbed by unsolicited telemarketing activity.

29. Defendant will continue to send junk faxes to unconsenting persons/entities absent an injunction prohibiting the illegal faxes.

30. Defendant sent junk faxes to Plaintiff and the putative class members for its financial gain at the expense of Plaintiff and the putative class members.

## CLASS ALLEGATIONS

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons or entities in the United States whom (1) Defendant sent unsolicited facsimile advertisements promoting Defendant's goods or services (2) at any

time within the four years prior to the filing of this Complaint through the date of class certification in this action.

33. The following individuals/entities are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons/entities who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons/entities; and (6) persons/entities whose claims against Defendant have been fully and finally adjudicated and/or released.

**A. Numerosity**

34. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

35. Upon information and belief, Defendant transmitted unsolicited junk faxes to thousands of consumers/entities who fall into the definition of the Putative Class.

36. Members of the Putative Class can be objectively identified from records of Defendant and any affiliated marketers/vendors to be gained in discovery.

**B. Commonality and Predominance**

37. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

**C. Typicality**

38. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

**D. Superiority and Manageability**

39. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

40. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

41. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

42. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E. Adequate Representation**

43. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

44. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

45. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Telephone Consumer Protection Act
### (On behalf of Plaintiff and the Members of the Putative Class)

46. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

47. The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited

advertisement." 47 U.S.C. §227(b)(1)(C).

48. Defendant and/or a third party acting on Defendant's behalf violated §227(b)(1)(C) of the TCPA by sending an unsolicited advertisement to Plaintiff.

49. As set forth above, Plaintiff did not have an existing or established business relationship with Defendant at the time Defendant sent the fax advertisement.

50. As set forth above, Plaintiff suffered damages as a result of Defendant's unsolicited fax advertisement.

51. Upon information and belief, Defendant knows that its unsolicited fax advertisements are in violation of the TCPA but continues to send them to maximize profits at the expense of Plaintiff and the putative class members.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Putative Class, requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order finding that Defendant violated the TCPA;

C. an order enjoining Defendant from sending further violating fax advertisements;

D. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

F. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: May 27, 2020

Respectfully submitted,

**METRO CARDIOVASCULAR CONSULTANTS, LTD**

By: */s/ Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
Joseph S. Davidson, Esq.
Victor T. Metroff, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com
vmetroff@sulaimanlaw.com